OPINION
Appellant Ronald Arnett is appealing his conviction, by the Licking County Court of Common Pleas, of one count of aggravated burglary. The facts giving rise to this appeal are as follows.
On September 18, 1996, appellant went to the home of his ex-wife, Rhonda Parman, and her current husband, Steve Parman, after he learned that the parties were attempting to reconcile. Prior to arriving at the Parman's residence, appellant talked to Steve Parman and told Steve Parman that "* * * if he wasn't on paper, he would come down there and kick my [Steve Parman's] ass." Tr. at 180. Steve responded, "you know where I live" and hung up the telephone. Tr. at 180.
Following this phone call, Rhonda Parman expected trouble and as soon as appellant pulled into the driveway, she phoned 911. Appellant's wife, Louella Arnett, went to the door and asked Steve Parman if she could speak to Rhonda Parman. Rhonda Parman appeared at the door with the 911 operator still on the telephone. At this point, appellant forced his way into the Parman residence and starting beating both Rhonda and Steve Parman. Appellant knocked Steve Parman unconscious and Rhonda Parman suffered injuries to her torso where she had recently had surgery.
The Licking County Grand Jury indicted appellant on November 14, 1996, for one count of domestic violence and one count of aggravated burglary. This matter proceeded to trial on July 10, 1997. At trial, appellant contended he went to the Parman's residence when he had not heard from his daughters in a couple of days. Appellant claimed that his daughter Alicia had informed him that Steve Parman had made sexual advances toward her.
Following deliberations, the jury found appellant not guilty of domestic violence and guilty of aggravated burglary. The trial court sentenced appellant to seven years in prison. Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. BY THE TRIAL COURT'S REFUSAL TO PERMIT INTRODUCTION OF EVIDENCE AND TESTIMONY REGARDING IMPROPER SEXUAL CONDUCT TOWARDS (SIC) THE DEFENDANT'S BIOLOGICAL DAUGHTERS BY THE ALLEGED VICTIM WHERE DEFENDANT ALLEGED THAT HIS PURPOSE IN ENTERING THE HOME OF THE ALLEGED VICTIM WAS TO ASSURE THE SAFETY OF SAID DAUGHTERS BASED UPON THE SAID IMPROPER CONDUCT, THE DEFENDANT WAS DENIED HIS RIGHT TO A FAIR AND IMPARTIAL TRIAL AND TO PRESENT HIS DEFENSE.
 II. THE TRIAL COURT ERRED IN REFUSING TO PERMIT DEFENDANT TO IMPEACH STATE WITNESSES THROUGH TESTIMONY DEMONSTRATING PRIOR INCONSISTENT STATEMENTS OF THE WITNESSES.
 I, II
Appellant contends, in his first and second assignment of errors, that the trial court should have permitted him to introduce extrinsic evidence of an alleged sexual advance, by Steve Parman, toward his daughter Alicia, in order to impeach the testimony of Rhonda and Steve Parman. Appellant also maintains such evidence should have been admitted to prove his state of mind, at the time of the incident, was to protect his children, not to assault Rhonda or Steve Parman. We disagree.
The admissibility of evidence rests within the sound discretion of the trial court and we will not disturb a trial court's decision in the absence of an abuse of discretion.O'Brien v. Angley (1980), 63 Ohio St.2d 159, 163. [Citations omitted.] In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
The trial court conducted an in camera hearing regarding what Steve Parman said to Alicia Parman. Alicia Parman testified that Steve Parman said: "This isn't the real thing. If — well, referring to my boyfriend — if you want the real thing, come home. And I recall him calling me a bitch." Tr. at 258. According to Alicia, Rhonda Parman informed appellant of this statement. Tr. at 258-259. However, Rhonda Parman denied making such a statement to appellant. Tr. at 103-104. Steve Parman denied ever making any sexual advances toward Alicia. Tr. at 198-199.
Appellant sought to introduce this evidence, at trial, as a specific instance of conduct for the purpose of attacking Rhonda and Steve Parman's credibility. Evid.R. 608(B) addresses this type of evidence and provides:
 (B) Specific Instances of Conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid. R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.
The trial court did permit appellant to question Rhonda Parman, on cross-examination, regarding whether she told appellant that Steve Parman made sexual advances toward Alicia. Tr. at 103. Rhonda Parman denied making any such statement. Tr. at 103-104. Appellant also asked Steve Parman, on cross-examination, whether he made sexual advances toward Alicia. Tr. at 198-199. Steven Parman denied these accusations. Tr. at 199.
The Ohio Supreme Court addressed a similar issue in the case of State v. Leuin (1984), 11 Ohio St.3d 172, wherein the Court stated:
 Evid. R. 608(B) allows, in the court's discretion, cross-examination on specific instances of conduct "if clearly probative of truthfulness or untruthfulness." Nevertheless, if the answers received on cross-examination do not satisfy the examiner, it is said that the examiner is bound by or "stuck" with the responses. See, e.g., State v. Gardner (1979), 59 Ohio St.2d 14, 19 [13 O.O.3d 8].
Further, as in Leuin, the evidence appellant sought to introduce by extrinsic evidence concerned a matter that was not material to the issue in this case. We find the trial court followed the proper procedure contained in Evid.R. 608(B) and permitted appellant to question Rhonda and Steve Parman about the alleged statement and sexual advances by Steve Parman toward Alicia. However, because Rhonda Parman denied making this statement to appellant and Steve Parman denied ever acting in such a manner toward Alicia, appellant was stuck with the witnesses' responses.
Appellant also sought to introduce the testimony of C.J. Fields who would have testified that one month prior to this incident, he overheard Rhonda Parman invite appellant into her residence. We find the trial court properly excluded this testimony as irrelevant. The only issue, at trial, was whether the Parmans gave permission, to appellant, to enter their residence on September 18, 1996. The trial court properly excluded the introduction of extrinsic evidence regarding these issues which were merely collateral to the charges against appellant.
Appellant's first and second assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Reader, J., concur.
 JUDGMENT ENTRY
CASE NO. 97 CA 55
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.